IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| RAVONDA C. BROWN, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. _____ |
| NEOPOST USA, INC. | ) | Jury Demand |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Ravonda C. Brown, by and through counsel, brings this action for equitable relief, compensatory and punitive damages, and costs and attorneys' fees for the sex discrimination and retaliation suffered by Plaintiff for the failure to promote her by Defendant Neopost USA, Inc. ("Neopost"), and states as follows:

### PARTIES

1. Plaintiff is a resident of the United States and Davidson County, Tennessee and is a female employee of Neopost in its Nashville office.

2. Defendant Neopost, is a corporation duly organized and existing under the laws of Delaware, engaged in industry affecting commerce in the sale of mailing and shipping products and consulting, with its principal place of business located at

478 Wheelers Farms Road
Milford, Connecticut 06461
County of New Haven

Defendant Neopost can be served at

Corporation Service Company
2908 Poston Ave.
Nashville, TN 37203-1312.

3. Defendant Company, upon information and belief, employs more than 1600 employees.

## JURISDICTION AND VENUE

4. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and under Tenn. Code Ann. §§ 4-21-101 et seq., the Tennessee Human Rights Act.

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1343(4) and 42 U.S.C. § 2000e-5(f), and a right to sue letter was issued by the Equal Employment Opportunity Commission (EEOC) on July 17, 2012, a true and accurate copy of which is attached hereto as Exhibit 1, based upon a charge of discrimination timely filed on February 10, 2012, with the EEOC and the Tennessee Human Rights Commission, a true and accurate copy of which is attached hereto as Exhibit 2. This Court also has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that the amount in controversy, with respect to the Plaintiff's individual claim, exceeds $75,000.00. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b) because the claim arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practice was committed in this judicial district.

## FACTS

7. Plaintiff is a female, 52 years of age, born on November 22, 1959.

8. Plaintiff began working for Defendant Company as a Sales Manager during February of 2001. In September of 2002, Plaintiff was promoted to a General Manager. At this time Plaintiff was the only female General Manager of a company owned dealer of Defendant Company. In February of 2012, Plaintiff's job title with Defendant Company changed to a Branch General Manager in Defendant's Nashville office. Plaintiff currently serves in this position.

9. As a Branch General Manager for Defendant Company, Plaintiff is one of two female employees in the Defendant Company's Branch General Manager job classification.

10. Plaintiff was told in 2009 and 2010 by the Senior Vice President for District Operations for Defendant Company, Jay Singer, that he would like to see Plaintiff take the role of General Manager for the Defendant's Atlanta office – an office that presented greater opportunity to Plaintiff being a larger market than Nashville. During these discussions, Plaintiff made clear that she was interested in such promotion and willing to move to Atlanta when the promotion is made. Defendant Company never posted the General Manager position for the Atlanta office when the position became open.

11. Plaintiff was highly qualified for the role as General Manager for the Defendant's Atlanta office but was passed up for the position in February of 2011. Plaintiff has 11 years of sales experience with the Defendant Company. Further, prior to working for Defendant Company, Plaintiff gained 7 years of sales experience with another independent dealer selling Neopost equipment. Plaintiff performed highly among her peers, measured internally by the Defendant Company as an "EBIT" (Earnings Before Interest and Taxes) percentage, at the time said General Manager position became vacant. On March 28, 2011, Plaintiff received accolades

in the form of a letter from Defendant Company President and CEO, Dennis LeStrange, "recognizing exemplary performance" of Plaintiff and stating "[y]our method of delivering a superior customer experience is certainly an example of a best practice that the entire company can emulate to build long-term customer loyalty." On February 22, 2012, Plaintiff received an email from Jay Singer of Defendant Company regarding Plaintiff's 2011 performance stating in pertinent part "[y]ou blew the EBIT number away . . . ."

12. On February 1, 2011, the Defendant Company hired Joe Salkin to take the role as General Manager for the Defendant's Atlanta office. Joe Salkin, a male, was substantially less qualified for that position than Plaintiff. At the time of his hiring by Defendant Company, Joe Salkin had no experience in the sale of mailing and shipping products and like consulting.

13. In spite of this difference in suitability for the General Manager of the Atlanta office position, Defendant entirely overlooked and rejected Plaintiff for the position. Joe Salkin was placed in the General Manager of the Atlanta office position, at a pay level and benefit level substantially above Plaintiff's.

14. In spite of this difference in suitability for the General Manager of the Atlanta office position, Plaintiff was rejected for the position, which constituted unlawful discrimination on the basis of her sex.

15. Plaintiff voiced her concerns to her superiors, including Jay Singer among others in Defendant Company, regarding Defendant Company's discriminatory conduct in hiring Joe Salkin for the Atlanta General Manager position instead of her.

16. In February of 2012, Defendant Company consolidated its Nashville, Birmingham, and Atlanta district offices and placed a manager, Joe Salkin as District Manager,

4

above Plaintiff constituting a demotion of Plaintiff. Defendant Company failed to interview Plaintiff for the District Manager position, even though her credentials were substantially superior to Joe Salkin. Defendant Company has reduced Plaintiff's work responsibilities and published organizational charts that belittle her work.

17. In spite of the difference in suitability for the District Manager position in charge of the Nashville, Birmingham, and Atlanta offices, Plaintiff was rejected for the position. This conduct of Defendant Company constituted unlawful discrimination on the basis of Plaintiff's sex.

18. Defendant Company's failure to promote Plaintiff in 2012 further constituted unlawful retaliation. Defendant Company unlawfully retaliated against Plaintiff for raising questions within Defendant Company regarding their discriminatory promotion practices in the hiring of Joe Salkin as General Manager for Defendant Company's Atlanta office. This retaliation came in the form of the consolidating of Defendant Company's Nashville, Birmingham, and Atlanta district offices and placing a manager, Joe Salkin, above Plaintiff, reducing Plaintiff's responsibilities, demoting Plaintiff, and publishing materials, including organizational charts, intended to belittle Plaintiff.

19. According to a March 10, 2011, memo circulated internally by Defendant Company Vice President for Human Resources, Marie Mann, "[t]here is a glass ceiling at Neopost – Women do get promoted but not beyond the Director level." The memo circulated by Marie Mann makes recommendations to create an atmosphere in which women of the Defendant Company are fairly promoted within Defendant Company. For the role of District Manager for the Defendant's Atlanta office, the Defendant Company did not follow the

recommendations of the memo. In particular, the Defendant Company did not "[p]ost all jobs and consider women – last several senior roles were not posted . . . ." and the Defendant Company did not "[g]ive women a chance to interview for key roles – men are always brought in for the most senior roles . . . ." as recommended by the memo.

20. On multiple occasions, Plaintiff has endured from Defendant Company Senior Vice President, Jay Singer, comments demeaning towards women including that the Company needs to hire sales representatives that are young, good looking and horny. Such demeaning comments towards Plaintiff as a woman is evidence of the Company's views of women and its intent when making hiring decisions.

## CAUSES OF ACTION
## COUNT ONE-SEX DISCRIMINATION

21. The conduct of Defendant, as set forth in paragraphs 1 through 20, constitutes unlawful discrimination against Plaintiff on the basis of sex under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and under Tenn. Code Ann. §§ 4-21-101 et seq., the Tennessee Human Rights Act.

22. As a proximate result of Defendant's failure to promote Plaintiff to the District Manager position and the demotion of Plaintiff instead, Plaintiff has suffered and continues to suffer substantial losses in earnings, job experience, retirement benefits, and other employee benefits that she would have received absent Defendant's discrimination. Furthermore, Plaintiff has incurred additional costs and expenses to Defendant's discrimination in damages over $75,000.

23. As a further proximate result of the above-mentioned acts, Plaintiff has suffered humiliation, mental pain and anguish.

24. The above-mentioned acts of Defendant were willful, wanton, malicious, reckless and oppressive, and justify the awarding of exemplary and punitive damages pursuant to 42 U.S.C. § 1981a.

**COUNT TWO-RETALIATION**

25. Plaintiff refers to the allegations of Paragraphs 1 through 24, and by such reference repleads and incorporates them as though fully set forth here.

26. The conduct of Defendant Company in consolidating its branch offices and demoting Plaintiff and further belittling Plaintiff's work after she raised concerns with Defendant Company regarding its discriminatory hiring and promoting practices constitutes retaliation pursuant to 42 U.S.C. § 2000e-3 and Tenn. Code Ann. § 4-21-311.

27. As a proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer substantial losses in earnings, job experience, retirement benefits, and other employee benefits that she would have received absent Defendant's discrimination. Furthermore, Plaintiff has incurred additional costs and expenses to Defendant's discrimination in damages over $75,000.

28. As a further proximate result of the above-mentioned acts, Plaintiff has suffered humiliation, mental pain and anguish.

29. The above-mentioned acts of Defendant were willful, wanton, malicious, reckless and oppressive, and justify the awarding of exemplary and punitive damages pursuant to 42 U.S.C. § 1981a.

## RELIEF REQUESTED

WHEREFORE, premises considered, Plaintiff demands the following:

1. Actual damages which include back pay and front pay and any other benefits of which Plaintiff may have been deprived by the failure to promote and/or her demotion, to be established at trial;

2. General and compensatory damages;

3. Punitive damages;

4. Costs of suit;

5. Reasonable attorney's fees under 42 U.S.C. § 2000e and under Tenn. Code Ann. § 4-21-306(a)(7);

6. Such other and further relief as the Court may deem just and equitable; and

7. For a jury of six to try this cause.

Respectfully Submitted,

_____
Matthew Brothers, BPR #016000
Timothy A. Roberto, BPR #030321
PEPPER & BROTHERS, PLLC
2323 21st Avenue South, Suite 502
Nashville, Tennessee 37212
(615) 256-4838
*mbrothers@pepperbrotherslaw.com*
*troberto@pepperbrotherslaw.com*
**ATTORNEYS FOR PLAINTIFF**

8